Citation Nr: 1710369 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 08-04 749 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death. 

2. Entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance for accrued benefit purposes. 

3. Entitlement to an increased rating for status post total left knee replacement, evaluated as 30 percent disabling, for accrued benefit purposes.


REPRESENTATION

Appellant represented by: Disabled American Veterans



WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's daughter


ATTORNEY FOR THE BOARD

Brandon A. Williams, Associate Counsel


INTRODUCTION

The Veteran had active duty service from February 1945 until December 1946 and August 1948 until October 1973. The Veteran died in March 2007. The appellant is seeking VA benefits as his widow. 

This matter comes to the Board of Veterans' Appeals (Board) from a July 2007 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

The issues on appeal were remanded by the Board in September 2009 for further development.

On July 2016, the Veteran testified before the undersigned Veterans Law Judge via video conference. A transcript of that hearing is associated with the claims file.

The issue of entitlement to service connection for the cause of the Veteran's death is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran was not able to care for his daily needs and protect himself from the hazards incident to his environment due to service-connected disabilities.

2. From December 1, 2005, the Veteran's status post total left knee replacement was manifested by chronic residuals consisting of severe painful motion and weakness in the affected extremity.


CONCLUSIONS OF LAW

1. The criteria for SMC based on the need for aid and attendance for accrued benefits purposes are met. 38 U.S.C.A. §1141 (l); 38 C.F.R. §§ 3.350, 3.351, 3.352 (2016).

2. From December 1, 2005, the criteria for a disability rating of 60 percent for the service-connected status post total left knee replacement, for accrued benefit purposes have been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5055 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claims decided herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).


Special Monthly Compensation (SMC)

Legal Criteria

SMC is warranted if a veteran is helpless or so nearly helpless as to require the regular aid and attendance of another person. 38 C.F.R. §§ 3.350 (b)(3), 3.351(b). Aid and attendance is appropriate if the record establishes a factual need for the benefit under the criteria set forth in 38 C.F.R. § 3.352 (a).

The criteria to establish a factual need for aid and attendance are listed under 38 C.F.R. § 3.352 (a). Aid and attendance is warranted if the following criteria are met: the inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without such aid, such as supports, belts, lacing at the back, etc.); the inability of a claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment.

Analysis

At the time of his death in March 2007, the Veteran was pursuing a claim for entitlement to SMC for aid and attendance. Accrued benefits are defined as "periodic monetary benefits . . . authorized under law administered by [VA], to which a payee was entitled at his or her death under existing ratings for decisions or those based on evidence in the file at the date of death, and due and unpaid . . . ." 38 U.S.C.A. § 5121 (a) (West 2014); 38 C.F.R. 3.1000 (a) (2016). As the claim for SMC was still pending at the time of the Veteran's death, the appellant's current claim for aid and attendance is for the purposes of accrued benefits.

The appellant contends that SMC in the form of aid and attendance is warranted for accrued benefits purposes as the Veteran was unable to care for himself or protect himself from the hazards of his daily environment due to a service-connected disabilities.

The Board finds that the Veteran met the criteria for regular aid and attendance due to service-connected disabilities prior to his death. The medical and lay evidence establishes that the Veteran required care on a regular basis due to his inability to dress or undress himself, keep himself ordinarily clean and presentable, as well as his inability to attend to the wants of nature. The claims folder reflects that the Veteran needed assistance with basic functions such as: bed mobility; walking; dressing; toilet use; personal hygiene, and bathing. (See December 2005 Nursing Home Assessment). Consistent with the December 2005 Nursing Home Assessment, the appellant and her daughter explained that that the Veteran was required to wear a diaper partly due to his inability to transfer to his wheelchair in time to use the restroom. (See Hearing Transcript page 8). The appellant also testified that the Veteran's knees would give out causing him to fall. With consideration of the above, the Board finds that the manifestations of the Veteran's service-connected disabilities, namely his bilateral knee disability and chronic renal failure, were of such severity that he was unable to care for himself or protect himself from the hazards or dangers incident to his daily environment. The credible and competent evidence establishes a factual need for aid and attendance for accrued benefits purposes and the claim is granted. 38 U.S.C.A. § 1114 (l); 38 C.F.R. §§ 3.350 (b), 3.352(a). 


Status post total left knee replacement

A rating decision issued in July 2007 awarded the Veteran a temporary 100 percent disability rating during convalescence from total knee replacement surgery on the left knee. The rating decision also assigned a 30 percent disability rating for the left knee disability, described as status post total left knee replacement, with an effective date of December 1, 2005. 

At the time of his death in March 2007, the Veteran was pursuing a claim for entitlement to an increased rating in excess of 30 percent for status post total left knee replacement. As the claim for an increased rating for the Veteran's left knee disability was still pending at the time of the Veteran's death, the appellant's current claim for entitlement to an increased rating in excess of 30 percent for status post total left knee replacement is for the purposes of accrued benefits.

The Veteran's service-connected status post total left knee replacement is rated as 30 percent disabling under Diagnostic Code 5055.

Pursuant to 38 C.F.R. § 4.71a, Diagnostic Code 5055, a 100 percent rating is warranted for 1 year following implantation of prosthesis in the case of prosthetic replacement of knee joint. Note (1) states that the 100 percent rating for 1 year following implantation of prosthesis will commence after initial grant of the 1-month total rating assigned under 38 C.F.R. § 4.30 following hospital discharge. Note (2) states that special monthly compensation is assignable during the 100 percent rating period the earliest date permanent use of crutches is established. Following a total rating for 1 year, a 30 percent rating is the minimum rating for knee replacement (prosthesis) and a 60 percent rating is warranted for chronic residuals consisting of severe painful motion or weakness in the affected extremity. With intermediate degrees of residual weakness, pain or limitation of motion rate by analogy to diagnostic codes 5256, 5261, or 5262.

The claims folder reflects the Veteran underwent a total left knee arthroplasty in October 2004. In a July 2007 rating decision, the RO granted the Veteran a 100 percent temporary rating effective October 4, 2004 and a 30 percent rating effective December 1, 2005. 

A review of the claims folder reflects that between December 2005 and March 2007, the Veteran did not undergo a VA medical examination to assess the severity of his left knee disability. However, as noted above, medical evidence reflects that the Veteran's mobility was limited partly due to his left knee disability. Additionally, as explained earlier, credible lay testimony from the Veteran's widow and daughter described the Veteran experiencing pain and weakness within his lower extremities, to include his left knee, which occasionally resulted in him falling at times. 

Based on the medical evidence and the credible lay testimony, the Board finds the evidence warrants an increased rating of 60 percent for the Veteran's status post total left knee replacement.

The highest rating for amputation in the middle or lower third of the thigh is 60 percent. The combined ratings for disabilities of an extremity shall not exceed the rating for the amputation at the elective level were amputation to be performed. 38 C.F.R. § 4.68 (2016). Thus, the highest evaluation that may be assigned under the amputation rule, for the knee, is 60 percent. Therefore, a rating in excess of 60 percent for the Veteran's status post total left knee replacement is not available.

Extraschedular 

Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). An extra-schedular disability rating would be warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See Thun v. Peake, 22 Vet. App. 111 (2008). 38 C.F.R. § 3.321 (b)(1).

The Board finds that the symptoms associated with the Veteran's status post total left knee replacement are specifically contemplated within the diagnostic codes. In short, the rating criteria reasonably describe the Veteran's disabilities symptomatology.

Moreover, the evidence does not reflect that the Veteran's disabilities have met the second prong of Thun (i.e. marked interference with employment or frequent periods of hospitalization). The Board determines that referral of this case for extraschedular consideration pursuant to 38 C.F.R. 3.321 (b)(1) is not warranted.

Finally, the Board is cognizant that a claim for a total rating based upon individual unemployability due to service-connected disability (TDIU), either expressly raised by the Veteran or reasonably raised by the record, involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, prior and subsequent to, the Veteran's claim for an increased rating, the Veteran was in receipt of TDIU for his service-connected disabilities, to include his left knee disability. Therefore, the issue of entitlement to TDIU is moot in this instance.


ORDER

Entitlement to SMC based on the need for aid and attendance for accrued benefits purposes is granted.

Entitlement to an increased rating for status post total left knee replacement of 60 percent from December 1, 2005, for accrued benefit purposes is granted.


REMAND

The Board regrets further delay in this case, but finds that additional development is necessary in order for a decision to be rendered in the case. The Veteran died in March 2007 with myelodysplastic syndrome listed as the immediate cause. (See March 2007 Texas certificate of death).The appellant has averred her husband's death is due to his service-connected disabilities.

The claim was remanded by the Board in September 2009 for a medical opinion. The examiner opined that the Veteran's service connected disabilities less likely than not contributed to or materially caused the Veteran's death. The examiner noted that the Veteran's immediate cause of death was myelodysplastic syndrome. The examiner explained that complication associated with myelodysplastic syndrome is an increase in infections, fatigue, anemia, and an increase risk in cancer among others. 

The Board finds that a supplemental opinion is necessary. Prior to his death, the Veteran was service connected for various disabilities, to include chronic renal failure. 

Service-connected diseases or injuries involving active processes affecting vital organs should receive careful consideration as a contributory cause of death, the primary cause being unrelated, from the viewpoint of whether there were resulting debilitating effects and general impairment of health to an extent that would render the person materially less capable of resisting the effects of other disease or injury primarily causing death. Where the service-connected condition affects vital organs as distinguished from muscular or skeletal functions and is evaluated as 100 percent disabling, debilitation may be assumed. 38 C.F.R. § 3.312 (c)(3). Here, at the time of the Veteran's death, his chronic renal failure was rated as 60 percent disabling; thus, debilitation may not be assumed. As chronic renal failure does affect a vital organ, specifically the kidneys; a supplement opinion discussing the Veteran's cause of death and whether his chronic renal failure impaired his health to an extent that rendered him materially less capable of resisting the effects of myelodysplastic syndrome is necessary.

Accordingly, the case is REMANDED for the following action:

1. Obtain a supplemental medical opinion from an appropriate examiner as to whether the cause of the Veteran's death is related to service or service-connected disabilities. The claims file and copies of all pertinent records should be made available for the clinician to review.

Based on the examination and review of the record, the examiner should answer the following: 

Is it at least as likely as not (50 percent probability or more) that the Veteran's service-connected disabilities, namely his chronic renal failure, contributed substantially or materially to his death. 

Is it at least as likely as not (50 percent probability or more) that the Veteran's service-connected chronic renal failure resulted in a debilitating effect and general impairment of the Veteran's health to an extent that it rendered him materially less capable of resisting the effects of his myelodysplastic syndrome and its associated ailments.

Any opinion should include a complete rationale.

2. After undertaking any other development deemed appropriate, readjudicate the issue on appeal. If any benefit sought on appeal is not granted, issue a supplemental statement of the case (SSOC) and provide the appellant and her representative with an appropriate opportunity to respond. Thereafter, the case should be returned to the Board, as appropriate for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
M. H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs